Willmore F. Holbrow, III (SB# 169688)
bill_holbrow@bstz.com
James W. Ahn (SB#243335)
James_ahn@bstz.com
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel: (310) 207-3800
Fax: (310) 820-5988

Attorneys for Plaintiff/Counterdefendant
SPIRIT CLOTHING COMPANY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SPIRIT CLOTHING COMPANY, a California corporation<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>BELK, INC., a Delaware corporation, and AMERICAN FASHION NETWORK, LLC, a New York limited liability company,<br><br>Defendants/Counterclaimants. | Case No: 2:15-cv-09227-R-GJS<br><br>Hon. Manuel L. Real<br><br>**STIPULATED PROTECTIVE ORDER** |

## I. PURPOSES AND LIMITATIONS

The parties, through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). This Order governs the handling of information and materials produced in the course of discovery or filed with the Court in this action. The parties acknowledge and understand that this Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. Nevertheless, the parties agree that good cause exists for this Order and that such an order is in the best interests of both parties.

## II. GOOD CAUSE STATEMENT

Discovery in this action is likely to involve production of confidential proprietary or private information for which special protection may be warranted. The parties have contractual obligations to third parties to keep certain information confidential. The parties are obliged by the Federal Rules to produce certain information, which is subject to contractual confidentiality obligations to third parties. Failure to sufficiently protect such information could create potential liability to the parties. The parties are also obliged to produce documents containing confidential business and sales information, including without limitation, information concerning research and development, pricing, discount strategies, and distribution and supply chain information. This information has been developed at the expense of the producing party and it represents valuable tangible and intangible assets of that party. Disclosure of such information will result in competitive disadvantages to the parties from competitors—whether parties or non-parties—who learn the parties' confidential business strategies. Accordingly, the parties respectfully submit that there is good cause for the entry of this Order.

## III. USE AT TRIAL

This Order governs the use of confidential materials at trial. All documents designated as trial exhibits shall not be covered by the terms of this Order at the time of trial, even if they are appropriately designated "Confidential" or "Attorneys' Eyes Only." Once the case proceeds to trial, all of the information that was designated as "Confidential" or "Attorneys' Eyes Only" and/or kept and maintained pursuant to the terms of this Order becomes public and will be presumptively available to all members of the public, including the press, unless the party seeking to maintain the confidentiality of documents makes a showing of good cause as to why the material should remain confidential to the Court, at the appropriate time. Notwithstanding the above, the Parties will maintain as confidential, in accordance with this Order, all confidential material exchanged pursuant to this Order before and after trial.

## IV. CONFIDENTIAL MATERIAL

Confidential material shall include the following information, documents and tangible things produced, disclosed, or otherwise exchanged: documents subject to confidentiality agreements with third parties; documents containing production, supply, distribution and sales information, pricing and discount strategies; documents containing or evidencing proprietary business methods and strategies; and documents evidencing proprietary design techniques and identifying information subject to data protection and privacy policies. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b) The names, addresses and other information tending to reveal the identity of a party's supplier, designer, distributor or prospective distributor, or customer or prospective customer;

(c) Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d) Research and development information;

(e) Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

(f) Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information, such as income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

(g) Information related to internal operations including personnel information;

(h) Information related to past, current and future product development;

(i) Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j) Trade secrets (as defined by the jurisdiction in which the information is located).

(k) Information used by the designating party in or pertaining to its trade or business, which information the designating party believes in good faith has

competitive value, which is not generally known to others and which the designating party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence;

(l) Information which the designating party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California;

(m) Information which the designating party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical or other confidential information.

(n) The fact that an item or category is listed as an example in this or other sections of this Order does not, by itself, render the item or category discoverable.

**A.** Scope

The protections conferred by this Order cover not only confidential materials (as defined above), but also (1) any information copied or extracted from confidential materials; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees or agents, which would be in violation of this Order; provided, further, that the provisions of this paragraph are not self-executing and may not be invoked on self-help basis. A party who contends that material designated as confidential (at either level defined herein) under this Order should remain confidential shall have the burden of proving that contention in any proceeding where a confidentiality designation is at issue.

## V. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

**A.** Basic Principles

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material shall not be used by any party or person receiving them for any business or any other purpose. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. For purposes of this Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the confidential material or its contents, orally or in writing, including the original or any copy of the confidential material. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order shall limit a designating party's use of its own information or materials, or prevent a designating party from disclosing its own information or materials to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**B.** Disclosure of Confidential Information or Items

(a) Unless otherwise ordered by the Court or permitted in writing by the designating party, any material designated "Confidential" including copies or excerpts thereof, or analyses or reports which pertain thereto, may be available only to:

(1) Attorneys of record for the receiving party and their immediate staff, including their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in the action and the employees of said

organizations. “Attorneys of record” explicitly excludes any in-house counsel whether or not they are attorneys of record in this action;

(2) Judges, magistrate judges, law clerks and other clerical personnel of the Court before which this action is pending;

(3) Consultants, including non-party experts and consultants retained or employed by the attorneys of record to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of Section V. Each consultant must sign an Agreement To Be Bound (Exhibit A to this Order) certifying that he or she has read this Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order’s provisions.

(4) No more than two (2) designated officers and/or directors or employees of each party, who are reasonably necessary for the prosecution or defense of this action. A party’s designated officers and /or directors or employees may include in-house counsel. Each designated officer and/or director or employee must sign an Agreement To Be Bound certifying that he or she has read this Order (Exhibit A), will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order’s provisions.

(5) Persons who appear on the face of materials designated “Confidential” as an author, addressee, or recipient thereof.

(b) Any material designated “Attorneys’ Eye Only” as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to persons identified in Sections V B(a) (1) through(3) of this Order. Materials may be designated “Attorneys’ Eyes Only” for the purpose of preventing the disclosure of information or materials which, if disclosed to the receiving party, might cause competitive harm to the designating party. Information and material

that may be subject to this protection includes, but is not limited to, technical and/or research and development data, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the designating party's trade or business.

Before disclosing information or materials designated "Attorneys' Eyes Only" to any Consultant, the party who wishes to disclose such information or materials must first identify that individual to the counsel for the designating party and submit an Agreement To Be Bound (Exhibit A), which shall include at least the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies or matters for the previous five (5) years, and all of the person's present employments or consultancies. The non-designating party shall have five (5) business days from receipt of such initial identification and signed certification to object in writing to disclosure to any individual so identified. The parties shall confer in an attempt to resolve any objections informally, and approval by the designating party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party may move within ten (10) business days following its objection for a protective order to prevent disclosure of "Attorneys' Eyes Only" materials to the individual under Local Rule 37. In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the burden of establishing good cause why the disclosure should not be made pursuant to Rule 26 of the Federal Rules of Civil Procedure. Such Consultant(s) cannot have access to designated material until these relevant time periods expire, including for final resolution of any timely motion.

**C.** <u>Agreement to Be Bound</u>

Each person permitted by the parties or their counsel to have access to material or information designated "Confidential" or "Attorneys' Eyes Only"under the terms of this Order, shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each person shall sign an "Agreement to Be Bound"

(Exhibit A to this Order) indicating that he has read this Order and agrees to comply with its terms, provided, however, that partners and employees of counsel of record, as defined in Section V B(a), as well as officers and personnel of the Court, shall be exempt from the requirement to sign the Exhibit A agreement. Counsel who makes any disclosure of materials designated "Confidential" or "Attorneys' Eyes Only" shall retain each original executed Agreement To Be Bound. Counsel who makes any disclosure of "Attorneys' Eyes Only" information or material to a Consultant shall circulate copies of the Agreement To Be Bound executed by the Consultant concurrently with the identification of the Consultant to the attorneys for the designating party.

**D.** Filing Confidential Material

Nothing in this Order shall vary the requirements for filing under seal imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal with the material bearing the legend "Confidential" or "Attorneys' Eyes only."

Any document or evidence filed with the Court or submitted to the Judge which is designated as containing "Confidential" or "Attorneys' Eyes Only" information, upon a showing of good cause and according to procedures established in Local Civil Rule 79-5, will be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the action and a statement substantially in the following form:

**"CONFIDENTIAL" [or] "ATTORNEYS' EYES ONLY"**

"The document is subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that Order."

The Local Civil Rule 79-5 application for filing under seal shall be directed to the Judge to whom the filing is directed.

Filing a document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "Confidential" or "Attorneys' Eyes Only."

If a filing party fails to designate information as "Confidential" or "Attorneys' Eyes Only," any party who in good faith believes that designation and filing under seal is required by this Order may move the Court to file said information under seal within five (5) days of learning of the defective filing. Notice of such designation shall be given to all parties. Nothing in this provision relieves a party of liability for damages caused by failure to properly file designated material under seal.

## VI. DESIGNATING PROTECTED MATERIAL

### A. Governing Standards

Any information produced by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys' Eyes Only." A document should be designated "Confidential" when it contains confidential information (as listed above) that may be reviewed by a designated manager of the receiving party but must be protected against disclosure to unauthorized third parties. A document may be designated "Attorneys' Eyes Only" when it contains trade secrets of a technical nature, such as information relating to product formulas, manufacturing methods, product development plans, or confidential business information such as marketing plans, customer lists, pricing plans, financial statements, supplier identifiers, or other information which would put the producing person or entity at a competitive disadvantage if the information became known to the receiving party.

### B. Exercise of Restraint and Care in Designating Material for Protection

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only

those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Any information which is publicly available, including any information which can be ascertained from examination of a product sold by any party, should not be designated as "Confidential" or "Attorneys' Eyes Only."

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**C.** Manner and Timing of Designations

Any party or non-party wishing to invoke the confidentiality provisions of this Order as to produced things and documents, may designate, in writing, the things and documents (as defined in Rule 34 Fed. R. Civ. P. and Rule 1002 Fed. R. Evid.) or portions thereof which it considers confidential at the time the things and documents are produced. Such designation must be clear and unambiguous.

(a) Information in documentary form: in designating documents (as defined in Rule 34. Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.), the designating party must affix the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains confidential material. If only a portion of portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). However, if the first or cover page of a multi-page document bears the legend "CONFIDENTIAL" or ATTORNEYS' EYES ONLY," the entire document shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Order. If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the entire disk shall be deemed so

protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Order.

(b) Testimony given in deposition or in other pretrial proceedings: the witness or his or her counsel may invoke the provisions of this Order by claiming confidentiality in a timely manner and designating the level of restriction. During the deposition, parties shall be excluded only from testimony designated "Attorneys' Eyes Only." The witness under deposition or his or her counsel may, within ten (10) days of receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential, or change the level of restriction of the transcript or any portion thereof. During the ten (10) -day period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only." Testimony that has been designated "Confidential" or "Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked according on each page, or shall be appropriately redacted. Where testimony is designated during the deposition, the designating party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Order to receive such designated material.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the thing, object or container(s) in which the information or item is stored the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d) Material produced by someone other than the designating party: the designating party shall make the designation within fifteen (15) business days from the date that the designating party receives copies of the materials from the producing or disclosing entity by giving notice to all parties to this action and to the producing party, if such party is not a party to this action,

identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail.

(e) Material produced by a producing party: a party shall be permitted to designate as "Confidential" or "Attorneys' Eyes Only" material produced by a producing party where the material being produced was provided to or developed by such producing party: (i) under a written confidentiality agreement with the designating party; or (ii) within a relationship with the designating party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, without limitation, the employment relationship and the vendor-customer relationship); and the material being produced would be considered confidential material of the designating party under Section IV of this Order. Upon notice of designation, all persons receiving notice of the requested designation of materials shall (1) make no further disclosure of such designated material or information contained therein, except as allowed in this Order (2) take reasonable steps to notify any persons known to have possession of or access to such designated materials of the effect of such designation under this Order; and (3) if "Confidential" or "Attorneys' Eyes Only" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the designating party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s).

**D.** Inadvertent Failures to Designate.

If any party required to produce documents contends that it inadvertently produced any designated material without marking it with the appropriate legend, or inadvertently produced any designated material with an incorrect legend, the

producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the designated material. If the parties collectively agree to replacement of the designated material, then the documents will be designated. Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof. If the parties do not collectively agree to replacement of the designated material, the producing party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.

**E.** Legal Effect of Designation

The designation of any information of materials as "Confidential" or "Attorneys' Eyes Only" is intended solely to facilitate the conduct of this litigation. Neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated materials constitute or contain any trade secret or confidential information. Except as provided in this Order, no party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

Nothing herein in any way restricts the ability of the receiving party to use "Confidential" or "Attorneys' Eyes Only" material produced to it in examining or cross-examining any employee or consultant of the designating party.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time, any party believes that any other party or non-party has unreasonably designated certain material as "Confidential" or "Attorneys' Eyes Only" or believes that it is necessary to disclose designated material to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to further disclosure, the objecting party may make an appropriate application to this Court in accordance with the procedures established in Local Civil Rule 37 and upon notice to all parties and to any non-party who designated the material. The parties shall meet and

confer in good faith prior to the filing of any motion under this section.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Attorneys' Eyes Only," that party must:

(a) Promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed, confidential material to any person or in a circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the, designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and (d) request that such person or persons execute the "Agreement to Be Bound" that is attached hereto as Exhibit A.

## X. NON-TERMINATION AND RETURN OF DOCUMENTS

This Order shall survive termination of this action prior to trial of this action. Within thirty (30) days after the termination of this action, including all appeals, each receiving party must return or destroy all confidential material, including material designated "Attorneys' Eyes Only," to the producing party, including all copies, extracts and summaries thereof. The parties may agree upon appropriate methods of destruction.

Upon request for the return or destruction of designated materials, counsel shall certify their compliance with this provision and shall serve such certification to counsel for the designating party not more than ninety (90) days after the written request to return or destroy designated materials. Counsel who have submitted one or more Agreements To Be Bound pursuant to Section V do not need to retain such Agreements past the ninety (90) day period.

Notwithstanding this provision, the attorney of record may retain one (1) copy of any designated documents attached to any deposition transcript or pleading filed with the Court for archival purposes.

The confidentiality obligations imposed by this Order shall remain in effect in perpetuity, to the extent permitted by the Court, or until the Court orders otherwise. Pursuant to Section IV above, no confidentiality obligations will apply to materials made public during the trial of this action. The parties agree to maintain as confidential any designated materials exchanged during preparation for trial but not made public.

## XI. CONTINUATION OF OTHER PRIVILEGES AND PROTECTIONS

This Order shall not prejudice the right of any party or non-party to oppose production of any material on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

Any inadvertent production of documents containing privileged information shall not be deemed a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines. All Parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information. After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to locate and return to the producing party all such inadvertently produced documents.

## XII. MODIFICATION AND SURVIVAL

The parties reserve the right to seek modification of this Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Order for any reason. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court. Parties entering into this Order will not be deemed to have waived any of their rights to seek later amendment to this Order.

## XIII. NO CONTRACT

This Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## XIV. CONTINUING JURISDICTION OF THE COURT

The Court retains jurisdiction after final termination of the action prior to trial, to enforce this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated: July 22, 2016

/s/Willmore F. Holbrow, III
Willmore F. Holbrow III (CA SBN#169688)
bill_holbrow@bstz.com
**BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP**
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Telephone: (310) 207-3800
Facsimile: (310) 820-5988
Attorneys for Plaintiff/Counterdefendant
SPIRIT CLOTHING COMPANY

Dated: July 22, 2016

/s/Todd M. Lander
Todd M. Lander (State Bar No. 173031)
todd.lander@ffslaw.com
Freeman Freeman and Smiley LLP
1888 Century Park East, Suite 1900
Los Angeles, California 90067

Tel: 310-255-6100
Fax: 310-255-6281
Attorney for Defendants/Counterclaimants
BELK, INC. and AMERICAN FASHION NETWORK, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED:

September 27, 2016

____________________________________
Manuel L. Real
United States District Court Judge

EXHIBIT A

AGREEMENT TO BE BOUND

I, ____________________ [print or type full name] of _____________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protected Order that was issued by the United States District Court of the Central District of California on [Date] in the case of SPIRIT CLOTHING COMPANY, vs. BELK, INC. and AMERICAN FASHION NETWORK, LLC, Case No: 2:15-cv-09227-PJW. I agree to comply with and to be bound by all the terms of this Stipulate Protective Order, and I understand and acknowledge that failure to do comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulate Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_________________________________________